THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff Victoria R. Martinez

---

| | |
|---|---|
| **VICTORIA R. MARTINEZ,** | UNITED STATES DISTRICT COURT<br>DISTRICT COURT OF NEW JERSEY<br>TRENTON |
| Plaintiff | |
| **vs.** | Civil Action No.:     (  -  ) |
| **BARNEGAT TOWNSHIP;**<br>**DETECTIVE RICHARD W. NOWAK,**<br>**PATROLMAN MARK A. SIMKO,**<br>**DETECTIVE GREG MARTINEZ,**<br>and **JOHN DOES 1-5**  (fictitious individuals),<br>members of the Lacey Township Police<br>Department; **KEITH A. GERMAIN,** Chief<br>of Police; **JOHN DOES 6-10**  (fictitious individuals),<br>Personnel of the Barnegat Township<br>Police Department in supervisory<br>capacities; | **COMPLAINT** |
| Defendants. | |

---

## JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the

Fourth and Fourteenth Amendments of the Constitution of the United States of America.

Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3).   This Court has

supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. Section

1367.

## PARTIES

2.  Plaintiff  Victoria R. Martinez residing at 111 A Constitution Boulevard, Whiting, New Jersey, 08759, Ocean County, is and was, at all times herein relevant, a citizen of the United States and a resident of the State of New Jersey.

3.  Defendants Richard W. Nowak, Mark A. Simko; Greg Martinez, and/or  John Does 1-5 were at all times mentioned herein duly appointed and acting police officers of the Barnegat Township Police Department and at all times herein were acting in such a capacity as the agents, servants and/or employees of Barnegat Township and were acting under the color of law.

4.  Defendants Chief of Police Keith A. Germain and/or John Does 6-10 were at all times mentioned herein duly appointed and acting members of the Barnegat Township Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of Barnegat Township and were acting under the color of law.

5.  Defendants Chief of Police Keith A. Germain and/or John Does 6-10 were acting in supervisory capacities over Defendants Nowak, Simko; Martinez, and/or  John Does 1-5 and responsible by law for the training, supervision and conduct of Defendants Nowak, Simko; Martinez, and/or  John Does 1-5.

6.  Defendant Barnegat Township is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

7.  At all times relevant hereto, Defendant Barnegat Township employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of  Defendants Keith A. Germain; Richard W. Nowak, Mark A. Simko; Greg Martinez, and/or John Does 1-10.

8.  All Defendants are named in their individual and official capacities.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

1.  On March 28, 2019, Defendants Nowak, Simko; Martinez, and/or John Does 1-5 initiated a motor vehicle stop of Plaintiff.

2.  Plaintiff's vehicle was already stopped.  She had activated her hazard lights and had pulled over to look for her EZ Pass transponder which had fallen off of the dashboard.

3.  Defendants Nowak, Simko; Martinez, and/or John Does 1-5 asked for Plaintiff's driver's license and registration.

4.  Plaintiff asked Defendants why they had approached her and explained that she had pulled over to look for her EZ Pass transponder which had fallen off of the dashboard.

5.  Defendants' response was: " So you're telling me that you don't  have your driver's license and registration?"

6.  Plaintiff was smoking a cigarette and asked Defendants to hold on while she got the paperwork.

7.  Defendants told her to put out her cigarette and to "stop all that. Shut your f***ing car off and get the  f**k out right now."

8.  Plaintiff said "Excuse me?" and Defendants repeated:   "stop all that. Shut your f***ing car off  and get the  f**k out right now."  Plaintiff responded: "Excuse me, you don't need to talk to me that way."

9.  Defendants Nowak, Simko; Martinez, and/or  John Does 1-5 then stuck a hand through the window, opened the car door and used excessive and unreasonable force on Plaintiff's person by throwing her to the ground and injuring her.

3

10.  Plaintiff was arrested and charged with: motor vehicle summonses; Possession of CDS; Possession of Paraphernalia; Obstructing the Administration of Laws; Resisting Arrest, and Possession of a Weapon (a baseball bat).

11.  The charges against Plaintiff were resolved by way of her receiving a Conditional Discharge in Municipal Court on 6/19/19.

## COUNT ONE
## SECTION 1983 USE OF EXCESSIVE FORCE

1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff by Defendants Nowak, Simko; Martinez, and/or  John Does 1-5 committed under color of state law, Plaintiff sustained bodily harm and was deprived of her right to be secure in her person against unreasonable seizure of her person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

3.  As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff suffered bodily injuries; medical expenses; lost wages; emotional distress, and will suffer additional special damages in the future in an amount which cannot yet be determined.

4.  By reason of the excessive and unreasonable force used on Plaintiff's person, Plaintiff was injured and was deprived of her constitutional rights as described above.

**WHEREFORE**, Plaintiff Victoria R. Martinez demands judgment against Defendants Richard W. Nowak, Mark A. Simko; Greg Martinez, and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit

incurred, and for any such further relief as the court deems proper and just.

**COUNT TWO**
**SECTION 1983 FAILURE TO INTERVENE**

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Nowak, Simko; Martinez, and/or John Does 1-5 were Barnegat Township Police Officers and at all times mentioned herein were acting under color of state law.

3. Defendants Nowak, Simko; Martinez, and/or John Does 1-5 had a duty to intervene in the unjustified assault and arrest of Plaintiff by Defendants Nowak, Simko; Martinez, and/or John Does 1-5.

4. The unjustified assault and arrest of Plaintiff by Defendants Nowak, Simko; Martinez, and/or John Does 1-5 deprived Plaintiff of her right to be secure in her person against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

5. Defendants Nowak, Simko; Martinez, and/or John Does 1-5 had a reasonable opportunity to intervene in the unjustified arrest and assault of Plaintiff by Defendants Nowak, Simko; Martinez, and/or John Does 1-5 and failed to intervene.

6. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff was deprived of her constitutional rights; sustained bodily injuries; medical expenses; lost wages; emotional distress, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Victoria R. Martinez demands judgment against Defendants Richard W. Nowak; Mark A. Simko; Greg Martinez, and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit

incurred, and for any such further relief as the court deems proper and just.

## COUNT THREE
## SECTION 1983 SUPERVISORY LIABILITY

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Germaine and/or John Does 6-10 were  supervisory officials
and/or officers in charge at the time Plaintiff was arrested and assaulted.

3.  Defendants Germaine and/or John Does 6-10 had a duty to prevent subordinate
officers Defendants Nowak; Simko; Martinez, and/or  John Does 1-5 from violating the
constitutional rights of citizens and/or detainees.

4.  Defendants Germaine and/or John Does 6-10  either directed Defendants Nowak;
Simko; Martinez, and/or  John Does 1-5 to violate Plaintiff's constitutional rights or had
knowledge of and acquiesced in his/their subordinate's violations.

5.  Defendants Germaine and/or John Does 6-10 failed to adequately track departmental
excessive force complaints, administrative complaints and/or use of force incidents in violation
of Barnegat Township Police Department policies, practices, customs and/or guidelines and/or
the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed
to discipline officers for such violations.

6.  By reason of the above Plaintiff was deprived of her constitutional rights, sustained
bodily injuries; medical expenses; lost wages; emotional distress, and will suffer additional
special  damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Victoria R. Martinez demands judgment against Defendants
Keith A. Germain and/or John Does 6-10 on this Count together with compensatory and punitive
damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the

court  deems proper and  just.

## COUNT FOUR
## SECTION 1983 UNLAWFUL POLICY, CUSTOM, PRACTICE INADEQUATE TRAINING

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Barnegat Township, Barnegat Township Chief of Police Keith A. Germain and/or John Does 6-10 are vested by state law with the authority to make policy on : (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to the Barnegat Township Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers.

3.  Defendants Germaine and/or John Does 6- 10 are responsible for training Police Officers in the use of force and/or were officers in charge when Plaintiff Victoria R. Martinez was assaulted and arrested.

4.  At all times mentioned herein, Defendants Nowak, Simko; Martinez, and/or  John Does 1- 5, as police officers, agents, servants and/or employees of Defendant Barnegat Township, were acting under the direction and control of Defendants Barnegat Township Police Department, Germaine and/or John Does 6-10, and were acting pursuant to the official policy, practice or custom of the Barnegat Township Police Department.

5.  Acting under color of law pursuant to official policy, practice, or custom, Defendants Barnegat Township, Germaine and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing basis, Defendants Nowak; Simko; Martinez, and/or  John Does 1-10 in their duties to

refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence;  (5) making false arrests, and/or (6) using unreasonable and excessive force.

6.   Acting under color of law pursuant to official policy, practice, or custom, Defendants Barnegat Township, Germaine and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on individual and departmental levels. Defendants Barnegat Township, Germaine and/or John Does 6-10 failed to professionally, objectively and/or expeditiously investigate instances and patterns of police misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for Internal Affairs Policy and Procedures.

7.   Defendants Barnegat Township, Germaine and/or John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Barnegat Township Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

8.   Defendants Barnegat Township, Germaine and/or John Does 6- 10 were aware of numerous similar police citizen encounters involving, and/or Internal Affairs complaints and/or civil lawsuits filed against Defendants Nowak; Simko; Martinez, and/or  John Does 1-10, and/or other Barnegat Township Police Officers whereby they customarily and frequently subjected

citizens held in custody to physical and mental abuse;  unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld  evidence and/or used unreasonable and excessive force on citizens/arrestees.

9.   Despite their awareness, Defendants Barnegat Township, Germaine and/or John Does 6-10 failed to employ any type of corrective or disciplinary measures against Defendants Nowak; Simko; Martinez, and/or John Does 1-10, and/or other Barnegat Township Police Officers.

10.   Defendants Barnegat Township, Germaine and/or  John Does 6-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Germaine; Nowak, Simko; Martinez, and/or  John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

11.   Defendants Barnegat Township, Germaine and/or John Does 6-10 had  power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

12.   Defendants Barnegat Township, Germaine and/or John Does 6-10, directly or indirectly, under color of state law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Nowak; Simko; Martinez, and/or  John Does 1-10 heretofore described.

13.  As a direct and proximate cause of conduct of  Defendants set forth above, Plaintiff was  deprived of  her constitutional rights; sustained  bodily injuries; medical expenses; lost wages; emotional distress, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Victoria R. Martinez demands judgment against Defendants Barnegat Township, Michael Germaine and/or John Does 6-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

<u>**SUPPLEMENTAL STATE LAW CLAIMS**</u>

<u>**COUNT FIVE**</u>
<u>**VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)**</u>

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  The excessive force used and failure to intervene by Defendants Nowak; Simko, Martinez and/or John Does 1-5, set forth at length above, deprived plaintiff of her substantive due process right to be free  from unlawful  seizure of her person and her fundamental right to liberty secured by the Constitution of the  United States and the Constitution of the State of New Jersey, in violation of <u>N.J.S.A.</u> 10:6-1, *et  seq.* ("The New Jersey Civil Rights Act").

3.  As a direct and proximate cause of conduct of  Defendants set forth above, Plaintiff was  deprived of her constitutional rights; sustained  bodily injuries; medical expenses; lost wages; emotional distress, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Victoria R. Martinez demands judgment against Defendants Richard W. Nowak, Mark A. Simko; Greg Martinez, and/or  John Does 1-5 on this Count

together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: January 11, 2021                      */s/ Thomas J. Mallon, Esquire*

                                             **THOMAS J. MALLON, ESQUIRE**

11